MATTER OF DINGENA

In Deportation Proceedings

A-11168098

*Decided by Board July 21, 1966*

Conviction of the offense of sexual intercourse with a female child (under 16 years of age) in violation of section 944.10(2) of Wisconsin Statutes is conviction of a crime involving moral turpitude.

CHARGE:

Order: Act of 1952—Section 241(a)(4) [8 U.S.C. 1251(a)(4)]—Convicted after entry of two crimes involving moral turpitude, to wit: sexual intercourse with a child and burglary.

The case comes forward on appeal by the trial attorney from the order of the special inquiry officer dated February 2, 1966 that the proceedings be terminated.

The record relates to a native and citizen of the Netherlands, 20 years old, male, single, who last entered the United States at the port of New York in August 1964 as a returning resident after an absence from April 1964. He had been originally admitted to the United States for permanent residence on February 10, 1960. He also had been absent from the United States from November to December 1963. On the occasion of both absences he departed and returned with his parents.

On April 5, 1965 the respondent was convicted in the Circuit Court of Milwaukee County at Milwaukee, Wisconsin of the offense of sexual intercourse with a child upon his plea of guilty of violation of section 944.10(2), Wisconsin statutes, was given a suspended sentence, and was placed on probation for two years. On June 30, 1965 he was convicted upon his plea of guilty of burglary and was sentenced to an indeterminate term of not more than three years. Probation was revoked on the conviction of sexual intercourse with a child and he was sentenced to a concurrent term with the burglary conviction. The respondent testified that he was tried in the Circuit Court of Milwaukee, Wisconsin on September 10, 1965 for the offense

723

of burglary and was convicted and sentenced to serve not more than·
three years in the Wisconsin State Reformatory to run concurrently
with the two sentences he received in the Circuit Court of Milwaukee,
Wisconsin on June 30, 1965 (Ex. 4). However, the record of this
last conviction has not been made a part of the record. It has been
established that the offense of sexual intercourse with a child and the
offense of burglary for which he was convicted on June 30, 1965 did
not arise out of the same scheme. The crime of burglary with intent
to steal involves moral turpitude and does not require any discussion.

The conviction of the respondent of the offense of intercourse with
a female child has received extensive discussion by the special in-
quiry officer. He concludes that the crime for which respondent was
convicted was not rape; that "mens rea" is not an element of the
offense; that no criminal intent is necessary to convict under the
statute. The special inquiry officer has cited law review articles urg-
ing a more liberal and realistic law regarding statutory rape of a
consenting female beyond the age of puberty. He concludes that
even if the offense in the State of Michigan were statutory rape or
even analogous to statutory rape, under the modern trend of court
decisions because of the absence of the "mens rea" the offense of stat-
utory rape would not involve moral turpitude. He likens the offense
to which respondent was convicted to fornication under Wisconsin
Statutes, Section 914.15, and observes that the crime of fornication
does not involve moral turpitude. The special inquiry officer con-
cludes that the offense of sexual intercourse with a child does not
involve moral turpitude. We shall review this finding because under
the theory advanced by the special inquiry officer, it would appear
that moral turpitude would not be involved in a violation of section
944.10(3), Wisconsin Statutes, with a female under 12 years, *infra.*

The offense for which respondent was convicted is set forth in
chapter 944 of the Wisconsin Statutes which is entitled "Crimes
against Sexual Morality." Various headings are set forth under
this heading: Sexual Crimes Without Consent which includes sec-
tion 944.10 (rape) and 944.02 (sexual intercourse without consent);
Sexual Crimes which involve children; and Sexual Crimes between
Adults with Consent which includes fornication (section 944.15),
adultery (section 944.16), and sexual perversion (section 944.17).
Section 944.10, which is listed under Sexual Crimes which Involve
Children, provides as follows:

944.10 Sexual intercourse with a child. Any male who has sexual inter-
course with a female he knows is not his wife may be penalized as follows:
(1) If the female is under the age of 18, fined not more than $1,000.00 or im-
    prisoned not more than five years or both; or

(2) If the female is under the age of 16, and the male is 18 years of age or over, imprisoned not more than 15 years; or
(3) If the female is under the age of 12, and the male is 18 years of age or over, imprisoned not more than 30 years.

The authenticated copy of the record of complaint, conviction and sentence (Ex. 5) sets forth in the complaint thereof to which the respondent pleaded guilty, that:

Defendant Matt Quirinus Dingena, being a male person 18 years or over, did feloniously have sexual intercourse with Coleen Davy, a person of the age of 15 years, he the said Matt Quirinus Dingena, then and there well knowing that the said Coleen Davy was not his wife, contrary to section 944.10(2) of the statutes.

The predecessor statute involving this offense, section 340.47, 1925 Wisconsin Statutes, entitled "Carnal knowledge and abuse" provided, *inter alia*, as follows:

Any person over 18 years of age who shall unlawfully and carnally know and abuse any female under the age of 18 years shall be punished by imprisonment in the State prison not more than thirty years nor less than one year, or by a fine not exceeding $200; * * *

In alleging and proving the offense under section 340.47, *supra*, it was not necessary to allege and prove force and that the act was against the will of a female, as she was not capable in law of giving consent, the averment of force and want of consent being immaterial and mere surplusage.[1]

The rule regarding the evidentiary effect of disclosure or failure to make disclosure of a rape does not apply where the element in respect of non-consent is supplied by the statute.[2]

In criminal proceedings, in which the defendant was convicted of sexual intercourse of a child contrary to section 944.10(2), Wisconsin Statutes, consent or lack of it is not an element of the crime.[3] Wisconsin courts have long accepted the testimony (if believed) of the complainant as sufficient to sustain a conviction of rape or sexual intercourse with a child.[4]

The age of consent as fixed by statutory provision in practically all of the United States varies; generally, such statutes raise the common-law age at which a female can consent to sexual intercourse and, this statutory increase of the age of consent from the

---

[1] *State v. Erickson,* 45 Wis. 84.
[2] *Loose v. State,* 97 N.W. 526, 120 Wis. 115.
[3] *Gauthier v. State,* 137 N.W. 2d 101, 28 Wis. 2d 412.
[4] *Lanphere v. State,* 114 Wis. 193, 89 N.W. 128; *Haley v. State,* 207 Wis. 193, 240 N.W. 829; *State v. Fischer,* 228 Wis. 131, 279 N.W. 661; *State v. Fries,* 246 Wis. 521, 17 N.S. 2d 578; *State v. Pickett,* 259 Wis. 593, 49 N.W. 2d 712.

common-law age of ten years marks the only difference between statutory and common-law rape of a female child. Where a statute makes it either rape or carnal knowledge to have illicit sexual intercourse with a female under a specified age without any provision regarding her consent, such statutes are construed as fixing the age of consent, and the purpose of these statutes is to protect young females from illicit acts of the opposite sex by rendering such females under the specified age incapable of consenting to sexual intercourse. Thus, sexual intercourse with a female under the age of consent at common-law or as fixed by statute constitutes rape or the statutory crime of carnal knowledge, whether or not the act be accomplished against her will, or with or without her consent. If she is under the age limit fixed by statute, consent is immaterial, as is force and resistance. Hence, to constitute the offense of intercourse with a female below the age of consent, the only material elements are the carnal knowledge and the age of the female. The female's age at the time the act charged was committed determines whether she is within the age of consent fixed by a statute then in force.[5]

Under general rules, an indictment or information for rape or carnal knowledge or abuse of a person under the age of consent must sufficiently allege the essential elements of the offense. Such an indictment may and must allege carnal knowledge by the use of those words or by their equivalent. Where the statute punishing the offense uses such an expression as "sexual intercourse" to describe the act, an information charging that accused did ravish and carnally know that prosecutrix is sufficient, since "carnal knowledge" means sexual intercourse.[6]

Although statutory rape is not a crime included under the present or predecessor of Wisconsin statutes, the offenses of carnal knowledge of a female under a certain age and sexual intercourse with a female under a certain age are similar, in that if she is under the age fixed by the statute, consent is immaterial and the only elements necessary to be proved to establish the crime are the fact of carnal knowledge and the age of consent.

The case of the *United States* v. *Jacobs*, 113 F. Supp. 203 (1953), appeal dismissed 346 U.S. 892, held that rape and carnal knowledge and abuse constitute distinct and separate offenses, and that Congress, by deleting the latter offense from the list of offenses enumerated in the "Major Crimes Act" (18 U.S.C.A. 1153) indicated that Congress did not think carnal knowledge should be made an offense under the

---

[5] 75 C.J.S., sec. 13, pp. 478, 479.
[6] Idem, sections 10(a), 39(d).

Major Crimes Act. In this case, while making a distinction between rape and carnal abuse because carnal abuse was deleted as one of the enumerated offenses in the list of Major Crimes, in accordance with the usual ruling that criminal statutes must be strictly construed, the court held it was not within its province to create an offense by construction of a statute, and declined to include within the offense of rape the offense of carnal knowledge. The *Jacobs* case therefore simply stands for a familiar holding of strict construction in a criminal case.

Sexual offenses with children similar to that for which the respondent was convicted in the instant case have previously been held to involve moral turpitude. In *Matter of F—*, 2 I. & N. Dec. 610 (1946), the alien was convicted in Illinois for contributing to the delinquency of a child on a criminal information that he took a 15 year old female child into a basement and had sexual intercourse with her. Moral turpitude was found because the acts were of the nature, commonly referred to as statutory rape. For the same reason, in *Matter of R—*, 3 I. & N. Dec. 562 (1949), it was held that a conviction for violation of section 301(2) of the Canadian Criminal Code dealing with carnal knowledge of a girl of previous chaste character under the age of 16 and above the age of 14, not being the wife of the accused, involved moral turpitude. In *Matter of P—*, 5 I. & N. Dec. 392 (1953), the alien was convicted in Massachusetts for the offense of abuse of a female child, the indictment charging that he assaulted a female child under the age of 16 years with intent to unlawfully and carnally know and abuse her. The alien's attorney contended that the Massachusetts offense did not involve moral turpitude because under the statute a man could be convicted even though he did not know the girl was under age, the crime required no force, knowledge, or intent, and the crime committed was merely fornication which could not be considered base, vile, or depraved. The Board found the contentions of counsel with respect to this crime completely without merit, citing cases.[7]

*Matter of M—*, 9 I. & N. Dec. 452, involved the immediate predecessor to the present section 944.10, Wisconsin Statutes, namely, section 340.47, Wisconsin Statutes. In that case the Board likened the crimes to statutory rape and held that it involved moral turpitude, citing *Pino v. Nicolls*, 215 F.2d 237, reversed on other grounds, 349 U.S. 901; and *Bendel v. Nagle*, 17 F.2d 719.[8]

---

[7] This conclusion was endorsed *sub nom*, *Pino v. Nicolls*, 119 F. Supp. 122, affirmed 215 F.2d 237 (1st Cir., 1954), reversed on other grounds, 349 U.S. 901.

[8] The Board decision in *Matter of M—*, 9 I. & N. Dec. 452, was affirmed *sub nom*. *Marks v. Esperdy*, 315 F.2d 673 (2nd Cir., 1963), affd. 370 U.S. 810.

In *Bendel* v. *Nagle*, 17 F.2d 719 (9th Cir. 1927), the alien had been convicted in Maryland of the crime of having carnal knowledge of a female child of the age of 15 years. The court stated that the crime of which the appellant was convicted is usually classified as rape, the statute simply raising the common-law age of consent, and such a crime manifestly involves moral turpitude. To the same effect was the case of *Ng Sui Wing* v. *United States*, 46 F.2d 755 (7th Cir. 1931) where the court found the Illinois offenses of statutory rape and contributing to the delinquency of a minor female child to involve moral turpitude.

The special inquiry officer has found the offense set forth in section 944.10, Wisconsin Statutes, identical to the offense of fornication under 914.15 Wisconsin Statutes which defines fornication as sexual intercourse with a person not his spouse, fine not more than $200 or imprisonment not more than six months or both. However, he completely ignores the fact that the crime of fornication is set forth in section 944.15 Wisconsin Statutes which involves Sexual Crimes between Adults with Consent, whereas section 944.10, sexual intercourse with a child, deals with Sexual Crimes Which Involve Children. The latter offense sets forth the different statutory ages of consent at which the female is incapable in law of consenting because of the concern of society with protecting such females under the specified ages from illicit acts of the opposite sex. The penalty increases as the age of the female decreases.

It is concluded that whether the offense be designated as statutory rape, carnal knowledge of a female under the age of consent, or sexual intercourse with a child under the age of consent, the essential and material elements in all these offenses are the carnal knowledge or intercourse and the age of the female. If sexual intercourse is present, and it is established that the female is under the age of consent, the element of *mens rea* does not enter because of the very nature of the offense and the interest of society in rendering such females incapable of giving consent.

The mistake as to the age of a girl in a statutory rape case is not an innocent and non-negligent mistake of fact. The conviction is upheld on the ground that what was done would not have been proper even if the facts had been as he reasonably supposed them to be. The theory of the courts in these cases has been that mistaking the age of the girl in a statutory rape case is not an *innocent* mistake of fact. The mistake is not between an innocent act and a guilty one, but only in regard to the nature of the wrong.[2] The de-

_____
[2] *Perkins, R.M., Criminal Law* (1957), p. 699.

fendant acts at his peril that the female may in fact be under the age of consent.[10]

The views expressed in the articles in law reviews, which perhaps represent an "enlightened" and "modern" sociological approach, should be more properly addressed to the legislatures of the states. However, as long as sexual intercourse with a child constitutes a crime under the law of the state, we conclude on the basis of precedent administrative and judicial decisions, that moral turpitude is involved. The appeal of the trial attorney will be sustained and the order of the special inquiry officer will be reversed.

ORDER: It is ordered that the appeal of the trial attorney be and the same is hereby sustained.

It is further ordered that the respondent be deported to The Netherlands on the charge stated in the order to show cause.

---

[10] Anderson, R.A., Wharton, Criminal Law and Procedure (1957), p. 860.