# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

ALBERTO RENE QUINTERO-SALAZAR,
                *Petitioner,*

        v.

PETER D. KEISLER,* Acting
Attorney General,
                *Respondent.*

No. 04-73128

Agency No.
A43-780-675

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted
November 16, 2006—San Francisco, California

Filed October 9, 2007

Before: Andrew J. Kleinfeld and Sidney R. Thomas,
Circuit Judges, and Ronald B. Leighton,** District Judge.

Opinion by Judge Thomas;
Dissent by Judge Kleinfeld

---

*Peter D. Keisler is substituted for his predecessor, Alberto R. Gonzales, as Acting Attorney General of the United States, pursuant to Fed. R. App. P. 43(c)(2).

**The Honorable Ronald B. Leighton, United States District Judge for the Western District of Washington, sitting by designation.

13593

## COUNSEL

Zachary Nightingale, Van Der Hout, Brigagliano & Nightingale, San Francisco, California, argued the cause for the petitioner; Marc Van Der Hout, Van Der Hout, Brigagliano & Nightingale, San Francisco, California, was on the brief.

Ernesto H. Molina, Jr., Senior Litigation Counsel, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., argued the cause for the respondent; Peter D. Keisler, Assistant Attorney General, and David V. Bernal, Assistant Director, Civil Division, United States Department of Justice, Washington, D.C., were on the brief.

## OPINION

THOMAS, Circuit Judge:

This case presents the question of whether Cal. Penal Code § 261.5(d) is categorically a crime involving moral turpitude within the meaning of 8 U.S.C. § 1182(a)(2)(A)(i)(I), thus making an alien removable. We conclude that it is not, and grant the petition for review from the contrary decision of the Board of Immigration Appeals ("BIA").

I

Alberto Rene Quintero-Salazar is a citizen and national of Mexico who entered the United States in 1990, obtained his conditional residence in 1992, and became a Lawful Permanent Resident in 1994. His wife, three children and two stepchildren are all United States citizens. Quintero-Salazar runs a home repair and maintenance business at which he employs several United States citizens.

In 1998, Quintero-Salazar pleaded nolo contendere to contributing to the delinquency of a minor in violation of Cal. Penal Code § 272, engaging in intercourse with a minor who is three years younger than the perpetrator in violation of Cal. Penal Code § 261.5(c), and engaging in intercourse with a minor who is under 16 years of age when the perpetrator is 21 years of age or older in violation of Cal. Penal Code § 261.5(d). He was sentenced to eleven months imprisonment and ordered to attend counseling and other rehabilitation programs as directed by his probation officer.[1]

On April 2, 2002, Quintero-Salazar was returning to the United States from visiting family in Mexico when he was detained by the Immigration and Naturalization Service ("INS") upon seeking admission in San Francisco. On April 12, 2002, the INS filed a notice to appear and began removal proceedings against Quintero-Salazar, charging him with being an inadmissible alien under INA § 212(a)(2)(A)(i)(I) for having been convicted of a crime involving moral turpitude.[2] On January 7, 2003, Quintero-Salazar filed an application for waiver of grounds of excludability on the basis of the hardship it would cause his U.S. citizen wife and children pursuant to INA § 212(h).

---

[1]Shortly thereafter, Quintero-Salazar began participating in the SAFER Program, which is a therapy and relapse-prevention program for ex-offenders. Quintero-Salazar's therapist in the program writes that he "is very responsible about his treatment," and, after already complying with a SAFER requirement of one year of individual therapy, has started attending additional therapy "to deepen his awareness." Quintero-Salazar's therapist also offers that "[i]n the time I have known Mr. Quintero I have learned how involved he is with his children and how hard it will be for them to be apart from their father." She adds that he "is a caring father" and "is very responsible not only about his family but also his workers." Quintero-Salazar's probation officer also adds that he "has reported as directed on a regular basis, attended counseling . . . and paid all fines and fees in full."

[2]The notice to appear relied only on the §§ 261.5(c) and (d) convictions and not the § 272 conviction.

Aliens charged with removability can apply for a waiver if their removal would result in extreme hardship to a United States citizen spouse or children. *See* 8 U.S.C. § 1182(h)(1)(B). Waiver of removability of those eligible is at the discretion of the Attorney General. *Id.* Waiver is not available, however, if the person seeking it has been convicted of an aggravated felony. *Id.* Thus, the question before the IJ was twofold: (1) whether Quintero-Salazar was removable for committing a crime of moral turpitude and (2) if so, whether his crime constituted an aggravated felony, making him ineligible for waiver of removability.

On February 7, 2003, the immigration judge ("IJ") issued her decision, ordering Quintero-Salazar removed to Mexico. Analogizing to a 1966 BIA decision interpreting a Wisconsin statute,[3] the IJ found the California § 261.5 convictions categorically to be crimes involving moral turpitude. The IJ then found Quintero-Salazar ineligible for waiver because she found that § 261.5(d) is also an "aggravated felony" under INA § 101(a)(43)(A). The BIA summarily affirmed pursuant to 8 C.F.R. § 1003.1(e)(4).

This timely petition for review followed. We review de novo the question of whether a state statutory crime constitutes a crime involving moral turpitude. *Carty v. Ashcroft*, 395 F.3d 1081, 1083 (9th Cir. 2005) (citing *Rodriguez-Herrera v. INS*, 52 F.3d 238, 240 n. 4 (9th Cir. 1995)).

II

The BIA erred in holding that a violation of Cal. Penal Code § 261.5(d) is categorically a crime involving moral turpitude within the meaning of 8 U.S.C. § 1182(a)(2)(A)(i)(I). "To determine whether a specific crime falls within a particular category of grounds for removability, we apply the categorical and modified categorical approaches set forth in

---

[3]*See Matter of Dingena*, 11 I&N Dec. 723 (BIA 1966).

*Taylor v. United States*, 495 U.S. 575 (1990)." *Cuevas-Gaspar v. Gonzales*, 430 F.3d 1013, 1017 (9th Cir. 2005).

A categorical analysis requires us to compare the elements of the statute of conviction with a federal definition of the crime to determine whether conduct proscribed by the statute is broader than the generic federal definition. *Id.* In doing so, we "cannot examine the underlying facts of the prior offense, but 'look only to the fact of conviction and the statutory definition of the prior offense.' " *United States v. Corona-Sanchez*, 291 F.3d 1201, 1203, 1212-13 (9th Cir. 2002) (en banc) (quoting *Taylor*, 495 U.S. at 602). If the statute of conviction criminalizes conduct that would not satisfy the federal definition of the crime at issue, then the conviction does not qualify as a predicate offense under the categorical approach. *Id.* at 1203. In short, under the categorical approach, the issue is whether the full range of conduct encompassed by the statute constitutes a crime of moral turpitude. *See United States v. Castillo-Rivera*, 244 F.3d 1020, 1022 (9th Cir. 2001). "[T]o satisfy the categorical test, even the least egregious conduct . . . must qualify." *United States v. Lopez-Solis*, 447 F.3d 1201, 1206 (9th Cir. 2006).

**[1]** For a conviction to be a "crime of moral turpitude" under immigration law, it "must be a crime that (1) is vile, base or depraved and (2) violates societal moral standards." *Navarro-Lopez v. Gonzales*, ___ F.3d ___, 2007 WL 2713211, *8 (9th Cir. 2007) (en banc). It "must also be done willfully" or with "evil intent." *Fernandez-Ruiz v. Gonzales*, 468 F.3d 1159, 1165-66 (9th Cir. 2006); *see also Michel v. INS*, 206 F.3d 253, 263 (2d Cir. 2000) ("it is in the *intent* that moral turpitude inheres. . . . one way to determine whether a crime involves moral turpitude is whether the act is accompanied by a vicious motive or corrupt mind"). Where an act is only statutorily prohibited, rather than inherently wrong, the act generally will not involve moral turpitude. *Beltran-Tirado v. INS*, 213 F.3d 1179, 1184 (9th Cir.2000) (noting difference between *malum prohibitum*, an act only statutorily prohibited,

and *malum in se*, an act inherently wrong). For there to be moral turpitude, "the crime [must] involve some level of depravity or baseness 'so far contrary to the moral law' that it gives rise to moral outrage." *Navarro-Lopez*, 2007 WL 2713211, *6 (quoting *Jordan v. DeGeorge*, 341 U.S. 223, 237 n.9 (1951) (Jackson, J., dissenting)).

The statute at issue here is Cal. Penal Code § 261.5(d), which provides:

> Any person 21 years of age or older who engages in an act of unlawful sexual intercourse with a minor who is under 16 years of age is guilty of either a misdemeanor or a felony, and shall be punished by imprisonment in a county jail not exceeding one year, or by imprisonment in the state prison for two, three, or four years.

**[2]** In other words, among the range of conduct criminalized by § 261.5(d), would be consensual intercourse between a 21-year-old (possibly a college sophomore) and a minor who is 15 years, 11 months (possibly a high school junior). That relationship may very well have begun when the older of the two was a high school senior and the younger a high school freshman and have continued monogamously without intercourse for two to three years before the offending event. On its face, such behavior may be unwise and socially unacceptable to many, but it is not "inherently base, vile, or depraved," *Hamdan v. INS*, 98 F.3d 183, 186 (5th Cir. 1996), or accompanied by a "vicious motive or corrupt mind," *Michel*, 206 F.3d at 263. Nor is it "so far contrary to the moral law" as to "give rise to moral outrage." *Navarro-Lopez*, 2007 WL 2713211, *6. In short, the conduct discussed does not meet the first *Fernandez-Ruiz* requirement of being an "act of baseness or depravity contrary to accepted moral standards." *Fernandez-Ruiz*, 468 F.3d at 1165-66.

**[3]** Indeed, § 261.5(d) proscribes some conduct that is *malum prohibitum*. We know it is *malum prohibitum* and not *malum in se* because some conduct criminalized under § 261.5(d) would be legal if the adult and minor were married. *See* Cal. Penal Code § 261.5(a) (defining "unlawful sexual intercourse" for purposes of 261.5(d) as involving intercourse "with a person who is not the spouse of the perpetrator, if the person is a minor"); Cal. Fam. Code § 302 (permitting a minor to marry with written consent of a parent and a court order). We also know it is *malum prohibitum* because some conduct under § 261.5(d) is legal in other states. *See* Ark. Code Ann. § 5-14-125(a)(3) (2006) (criminalizing intercourse with minors who are *fourteen* or under); S.C. Code Ann. § 16-3-655 (2006) (same). Finally, California's purpose in passing the law reveals that it was not moral, so much as pragmatic—they were attempting to reduce teenage pregnancies. *See Michael M. v. Superior Court of Sonoma County*, 450 U.S. 464, 471 (1980) ("the justification for the statute offered by the State, and accepted by the Supreme Court of California, is that the legislature sought to prevent illegitimate teenage pregnancies"). Because § 261.5(d) defines conduct that is *malum prohibitum* in at least some cases, it cannot *categorically* be a crime of moral turpitude. Moreover, because § 261.5(d) is a strict liability crime that does not require any showing of scienter, it lacks the requisite element of willfulness or evil intent as required by *Fernandez-Ruiz*.[4]

---

[4]The government cites *Bendel v. Nagle*, 17 F.2d 719, 720 (9th Cir. 1927), but that eighty-year-old case involved a Maryland statute different from the one at issue here and preceded both the establishment of the categorical analysis of prior crimes in *Taylor* and the other intervening Ninth Circuit precedents cited herein. The government also relies on *Afridi v. Gonzales*, 442 F.3d 1212 (9th Cir. 2006). However, *Afridi* does not address the question of whether conviction under § 261.5(d) constitutes a crime involving moral turpitude. Rather, *Afridi* dealt with whether conviction under § 261.5(d) constitutes an "aggravated felony." Thus, *Afridi* would only come into play were we to hold that Quintero-Salazar did commit a crime involving moral turpitude, was removable, and we were forced to consider whether he was eligible for waiver or whether he was

**[4]** For these reasons, we conclude that Cal. Penal Code § 261.5(d) criminalizes conduct that is broader than that contemplated under 8 U.S.C. § 1182(a)(2)(A)(i)(I). Therefore, § 261.5(d) is not categorically a crime involving moral turpitude within the meaning of the immigration statutes.

## III

**[5]** If the crime of conviction does not categorically qualify as a predicate offense under a federal statute, it still may qualify under a modified categorical analysis. *Corona-Sanchez*, 291 F.3d at 1203. Under the modified categorical approach we examine " 'documentation or judicially noticeable facts that clearly establish that the conviction is a predicate conviction' " for removal purposes. *Id.* (quoting *United States v. Rivera-Sanchez*, 247 F.3d 905, 908 (9th Cir. 2001) (en banc)). Under the modified categorical approach, if "judicially noticeable facts would allow the defendant to be convicted of an offense other than that defined as a qualifying offense," it cannot be used as a basis for removal. *Id.* (quoting *United States v. Casarez-Bravo*, 181 F.3d 1074, 1077 (9th Cir. 1999)). "As we have noted repeatedly, the government has the burden to establish clearly and unequivocally the conviction was based on all of the elements of a qualifying predicate

---

ineligible on account of having committed an aggravated felony. Because we need not reach that question, *Afridi* does not control our analysis.

Likewise, our court's recent decision in *United States v. Gomez-Mendez*, ___ F.3d ___ (9th Cir. 2007) also does not address whether conviction under § 261.5(d) constitutes a crime involving moral turpitude. Rather, *Gomez-Mendez* dealt with whether § 261.5(d) was a "crime of violence" under the Federal Sentencing Guidelines. It answered in the affirmative because those guidelines explicitly defined "crime of violence" as including "statutory rape." Because we are not guided by as clear a statutory definition, and because our task is to determine what is a crime involving moral turpitude and not a "crime of violence," our decision is controlled by *Fernandez-Ruiz* and *Navarro-Lopez*, and not *Gomez-Mendez*.

offense." *United States v. Navidad-Marcos,* 367 F.3d 903, 908 (9th Cir. 2004) (citing *United States v. Velasco-Medina*, 305 F.3d 839, 851 (9th Cir. 2002); *United States v. Pimentel-Flores*, 339 F.3d 959, 968 (9th Cir. 2003); *Corona-Sanchez*, 291 F.3d at 1211).

**[6]** Here, the only evidence that the government tendered was the fact of conviction. Therefore, absent any other judicially noticeable facts, application of the modified categorical approach does not alter our analysis.

IV

**[7]** Because the crime of conviction does not qualify as a crime involving moral turpitude within the meaning of 8 U.S.C. § 1182(a)(2)(A)(i)(I), the BIA and IJ erred in finding that Quintero-Salazar was removable. Because he was not removable as having committed a crime of moral turpitude, we need not reach the question of whether he was eligible for a waiver of excludability on the basis of the hardship it would cause his U.S. citizen wife and children pursuant to INA § 212(h).

**PETITION GRANTED.**

---

KLEINFELD, Circuit Judge, dissenting:

I respectfully dissent.

Precedent compels me to reach the conclusion that the crime of which Quintero-Salazar was convicted is indeed a crime of moral turpitude. The crime is statutory rape, specifically sexual intercourse by a person over 21 with a person under 16.[1] We have held that "the crime of having carnal

---

[1] Cal. Penal Code § 261.5(d). *See also United States v. Gomez-Mendez*, ___ F.3d ___ 2007 WL 1393657, at * 2 (9th Cir. 2007) (concluding that the "full range of conduct proscribed by Cal. Penal Code § 261.5(d)" meets the definition of "statutory rape").

knowledge of a . . . child of the age of 15 years" "manifestly involves moral turpitude."[2] We have said, in dicta, that "statutory rape" is a "crime of moral turpitude."[3]

Our court has also "consistently . . . held that statutory rape laws prohibiting sexual contact with a minor under 16 proscribe conduct constituting sexual abuse of a minor,"[4] an aggravated felony.[5] We have even said that Quintero-Salazar's crime is a "crime of violence."[6] These precedents leave no room, in my view, for us to conclude that the crime is not one of moral turpitude or is not an aggravated felony. I would therefore conclude, as the BIA concluded, that Quintero-Salazar was ineligible for a waiver.[7]

The argument of the majority opinion is strong. Under some of the language in our circuit's recent decision in *Fernandez-Ruiz v. Gonzales*, there might be a real question as to whether Quintero-Salazar's crime is one of moral turpitude.[8]

---

[2]*Bendel v. Nagle*, 17 F.2d 719, 720 (9th Cir. 1927); *see also Rodriguez-Herrera v. INS*, 52 F.3d 238, 240 (9th Cir. 1995) ("[W]e have found that . . . having carnal knowledge of a 15 year old female . . . involve[s] moral turpitude.").

[3]*Gonzales-Alvarado v. INS*, 39 F.3d 245, 246 (9th Cir. 1994). ("Typically, crimes of moral turpitude involve fraud. However, we have included in this category acts . . . such as . . . statutory rape, which involve moral turpitude by their very nature.") (internal quotation marks omitted).

[4]*United States v. Lopez-Solis*, 447 F.3d 1201, 1205-06 (9th Cir. 2006).

[5]*See* 8 U.S.C. § 1101(43) ("The term 'aggravated felony' means . . . murder, rape, or sexual abuse of a minor . . . .").

[6]*United States v. Gomez-Mendez*, ___ F.3d ___ 2007 WL 1393657, at * 2-3 (9th Cir. 2007).

[7]*See* 8 U.S.C. § 1182(h)(1)(B) ("No waiver shall be granted . . . in the case of an alien who has previously been admitted to the United States as an alien lawfully admitted for permanent residence if . . . since the date of such admission the alien has been convicted of an aggravated felony . . . .").

[8]*See Fernandez-Ruiz v. Gonzales*, 468 F.3d 1159, 1165-66 (9th Cir. 2006) ("[W]hile spousal abuse may be a "base or depraved act," that fac-

But *Fernandez-Ruiz* was about domestic assault.[9] I do not think that the implications of the language in a domestic assault case can overcome our specific holdings and strong dicta speaking more specifically to Quintero-Salazar's crime. Our precedent on the crime at issue (as opposed to the implications of language we have written about other crimes) leaves me unable to join the majority.

---

tor alone is not sufficient for a crime to constitute moral turpitude: the act must also be done willfully. . . . Indeed, this circuit's precedent generally requires 'willfulness' or 'evil intent' in order for a crime to be classified as one involving moral turpitude. . . . Other circuits similarly emphasize that willfulness is critical to a moral turpitude determination. *See generally Michel v. INS*, 206 F.3d 253, 263 (2d Cir. 2000) ('[C]orrupt scienter is the touchstone of moral turpitude.').").

[9]*Id.* at 1161.