*974 MEMORANDUM **
Jose Lucio Guevera appeals the Immigration Judge (“IJ”) and Board of Immigration Appeals’ (“BIA”) finding of remov-ability under 8 U.S.C. § 1227(a)(2)(B)®, and determination that his application for cancellation of removal was abandoned. Because the parties are familiar with the history of this case, we will not recount it here. We grant Guevera’s petition.
An alien is removable under § 1227(a)(2)(B)® if “at any time after admission [she] has been convicted of a violation of ... any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in section 802 of Title 21), other than a single offense involving possession for one’s own use of 30 grams or less of marijuana.” The government has the burden of proving that the possession exception does not apply. See Medina v. Ashcroft, 393 F.3d 1063, 1065 n. 5 (9th Cir.2005).
The government presented substantial evidence that Guevera was convicted under Virginia Code section 18.2-248.1, which states: “it shall be unlawful for any person to sell, give, distribute or possess with intent to sell, give or distribute marijuana.” Va.Code. Ann. § 18.2-248.1 (“the Virginia statute”). The government, however, failed to satisfy its burden of proving that the Virginia statute does not encompass conduct that falls within the possession exception.
“[I]n order to determine whether a conviction constitutes a predicate offense for deportation purposes,” this court “applies] the ‘categorical’ approach, ‘looking only to the statutory definition® of the prior offense.’” Tokatly v. Ashcroft, 371 F.3d 613, 620 (9th Cir.2004) (quoting Taylor v. United States, 495 U.S. 575, 600, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990)). Under the categorical approach “[t]he issue is not whether the actual conduct constitutes [a deportable offense], but rather, whether the full range of conduct encompassed by the statute constitutes a [deportable offense].” Cuevas-Gaspar v. Gonzales, 430 F.3d 1013, 1017 (9th Cir.2005). The Virginia statute criminalizes giving marijuana away or having the intent to give marijuana away, yet under federal law, any person who is convicted of “distributing a small amount of marihuana for no remuneration shall be treated” as if he were convicted of possession. 21 U.S.C. § 841(b)(4).
“If the statute of conviction criminalizes conduct that would not satisfy the federal definition of the crime at issue, then the conviction does not qualify as a predicate offense under the categorical approach.” Quintero-Salazar v. Keisler, 506 F.3d 688, 692 (9th Cir.2007). Therefore, because the Virginia statute criminalizes conduct that would not constitute a removable offense under federal law, Guevera is not removable under § 1227(a)(2)(B)®.
The government did not present any evidence for us to examine under the modified categorical approach, and thus we have no opportunity to consider whether Guevera’s actual conduct falls outside the possession exception.
Because Guevera is not removable under § 1227(a)(2)(B)®, we need not address whether his application for cancellation of removal was properly deemed- abandoned.
PETITION GRANTED

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.