MEMORANDUM **
Lourth Pak petitions for review of the Board of Immigration Appeals’ (“BIA”) denial of withholding of removal and relief under the Convention Against Torture (“CAT”). We have jurisdiction pursuant to 8 U.S.C. § 1252. Because the parties are familiar with the factual and procedural history of this case, we need not recount it here.
I
We assume, as the parties have, that Pak demonstrated past persecution by the Khmer Rouge, entitling him to a presumption of a well-founded fear of future persecution. Even with that presumption, the evidence on the record was sufficient to allow a reasonable fact finder to conclude that Pak failed to show a clear probability of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. The government presented sufficient evidence that country conditions in Cambodia have changed to permit a conclusion that Pak’s “fear of future threat to life or freedom is unrelated to the past persecution,” 8 C.F.R. § 208.16(b)(l)(iii), as the Khmer Rouge were unseated by the current government. Pak’s evidence that they continue to perpetrate acts of violence was not only several years old at the time of the hearing, but also specifies that they target people who are ethnic Vietnamese, which Pak is not.
Nor did Pak present sufficient evidence to compel a reasonable finder of fact to conclude that it was more likely than not that he would be persecuted on one of the five enumerated grounds in the future. Even assuming that temporary imprisonment rises to the level of persecution, the record permits a conclusion that the Cambodians removed from the United States were not detained for protected reasons, and that the detentions may simply have been a one-time occurrence as the country struggled to implement the memorandum of understanding. Compare Rodriguez-Roman v. INS, 98 F.3d 416, 430 (9th Cir.1996) (“[A]n asylum applicant who left his country because of his political opinions and who faces severe punishment for illegal departure has established that he is *169 subject to persecution on account of political opinion.” (emphasis added)).
Substantial evidence also supports the BIA’s rejection of Pak’s CAT claim. As we have discussed, the record does support Pak’s assei'tion that at least some persons who were returned to Cambodia were detained on arrival. However, the State Department Country Report indicates they were released within a few weeks. There is no evidence in the record that the detainees were mistreated or tortured within the meaning of CAT. Pak submitted other evidence of general treatment of those in prison in Cambodia, but that evidence did not meet the threshold of proof required under CAT.
II
After briefing was completed in this ease, Pak raised the question of whether he was entitled to relief on his cancellation of removal petition pursuant to our recent decisions in Estrada-Espinoza v. Mukasey, 546 F.3d 1147, 1159 (9th Cir.2008) (en banc) and Quintero-Salazar v. Keisler, 506 F.3d 688 (9th Cir.2007). We decline to reach those issues in this petition for review, but remand that question to the BIA to consider these claims in the first instance.
PETITION DENIED IN PART; REMANDED IN PART.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.