**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

PABLO DIAZ-JAIMES,

Petitioner,

v.

ERIC H. HOLDER Jr., Attorney General,

Respondent.

No. 06-74049

Agency No. A079-763-805

MEMORANDUM [*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 15, 2009 [**]

Before: GOODWIN, WALLACE, and FISHER, Circuit Judges.

Pablo Diaz-Jaimes, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision ordering him removed. We have jurisdiction under 8

------

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

KS/Research

U.S.C. § 1252. We review de novo whether a state statutory crime constitutes a crime involving moral turpitude, *Galeana-Mendoza v. Gonzales*, 465 F.3d 1054, 1057 (9th Cir. 2006), and we grant the petition for review and remand for further proceedings.

The BIA concluded that Diaz-Jaimes was ineligible to adjust his status because his conviction under Oregon Revised Statute § 163.415 was a crime involving moral turpitude. Subsequent to the BIA's order, we held that a conviction under a similar California state statute did not categorically constitute a crime involving moral turpitude. *See Quintero-Salazar v. Keisler*, 506 F.3d 688, 693 (9th Cir. 2007) (engaging in intercourse with a minor is not categorically a crime involving moral turpitude); *see also Galeana-Mendoza*, 465 F.3d at 1061 (crimes against protected classes do not necessarily involve moral turpitude if they do not result in injury).

Because the BIA did not apply the modified categorical approach, we grant the petition for review and remand for further proceedings. *See Morales-Garcia v. Holder*, 567 F.3d 1058, 1066-67 (9th Cir. 2009).

In light of our disposition, we do not reach Diaz-Jaimes' remaining contentions.

**PETITION FOR REVIEW GRANTED; REMANDED.**