**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 25 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| HABTU HAGOS HABTEMICAEL, | No. 07-73143 |
| Petitioner, | Agency No. 28 204 406 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted July 12, 2010
Seattle, Washington

Before: RYMER and N. R. SMITH, Circuit Judges, and WALTER, District
Judge.[**]

Habtu Hagos Habtemicael ("Habtemicael"), a native and citizen of Eritrea,

petitions for review of the Board of Immigration Appeals' ("BIA") order denying

his motion to reopen based on (1) ineffective assistance of counsel and (2) changed

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Donald E. Walter, Senior United States District Judge
for Western Louisiana, sitting by designation.

country conditions warranting asylum. We have jurisdiction under 8 U.S.C. § 1252. We grant the petition to reopen and remand for further proceedings consistent with this decision.

1.	The BIA abused its discretion in holding that Habtemicael's ineffective assistance of counsel claim demonstrated neither (A) due diligence nor (B) prejudice.

A.	Due Diligence

Habtemicael's first two attorneys assumed (without doing any research) that Habtemicael's assault conviction was a crime involving moral turpitude (CIMT). Habtemicael did not learn that his conviction may not be a CIMT until he retained new counsel. Within 90 days after learning of the alleged ineffectiveness, Habtemicael filed a motion to reopen. Where, as here, Habtemicael was represented by counsel during the entire proceedings, he could not have discovered the ineffectiveness of prior counsel until he spoke with new counsel. *See Ghahremani v. Gonzales*, 498 F.3d 993, 999 (9th Cir. 2007). Therefore, based upon the record before us, the BIA abused its discretion in finding that Habtemicael failed to act with due diligence in discovering the ineffective assistance of counsel claim. *See Iturribarria v. INS*, 321 F.3d 889, 897-98 (9th Cir. 2003).

B.     Prejudice

After demonstrating due diligence, Habtemicael must show that he was prejudiced by the performance of his two counsel. *See Mohammed v. Gonzales*, 400 F.3d 785, 793 (9th Cir. 2005). A showing of prejudice can be made if counsel's performance "was so inadequate that it may have affected the outcome of the proceedings." *Iturribarria*, 321 F.3d at 899-900 (internal quotation marks and citation omitted). Here, upon reviewing the judicially noticeable documents,[1] one cannot determine that Habtemicael's conviction for Assault in the Second Degree, RCW § 9A.36.021(1)(e) (which requires an assault on another with the intent to commit a felony), was a CIMT. The record does not evidence which felony Habtemicael intended to commit. We can glean that the underlying felony may have involved sexual assault on a minor female. However, even if we were to assume that the underlying felony was the originating charge of Rape of Child in the Third Degree, RCW § 9A.44.079, that statute, without more, does not unequivocally prove a CIMT. *See Quintero-Salazar v. Keisler*, 506 F.3d 688, 693-94 (9th Cir. 2007) (holding that a violation of California Penal Code § 261.5(d), a similar statute to RCW § 9A.44.079, was not necessarily a CIMT).

---

[1] We note that the Certificate for Determination of Probable Cause is not a judicially noticeable document under these circumstances. *See Parrilla v. Gonzales*, 414 F.3d 1038, 1040 & 1044 (9th Cir. 2005).

3

Because the record before us does not unequivocally show that Habtemicael was convicted of a CIMT, counsels' failure to raise this issue may have affected the outcome of the proceedings. *See Lin v. Ashcroft*, 377 F.3d 1014, 1027 (9th Cir. 2004) ("To prove he was prejudiced by counsel's alleged ineffectiveness, [petitioner] only needs to show that he has *plausible* grounds for relief." (internal quotation marks and citation omitted)). Thus, the BIA abused its discretion in finding that Habtemicael failed to demonstrate prejudice.

2. The BIA abused its discretion when it failed to consider Habtemicael's allegations of changed country conditions in connection with his proposed asylum application. This failure to even consider the allegation was error. We do not require "the BIA . . . to write an exegesis on every contention." *Lopez v. Ashcroft*, 366 F.3d 799, 807 n.6 (9th Cir. 2004) (alterations, internal quotation marks and citation omitted). However, we do require the BIA to "consider the issues raised, and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted." *Id*. (internal quotation marks and citation omitted). Because we are unable to conduct a meaningful review of the BIA's decision, as to this issue, we remand with instructions for the BIA to address the issue in the first instance.

4

Accordingly, we grant the petition and remand on an open record for any further determinations that the BIA deems necessary. *See INS v. Ventura*, 537 U.S. 12, 16-17 (2002).

**PETITION FOR REVIEW GRANTED; REMANDED.**