# Matter of Samuel Esaul GUEVARA ALFARO, Respondent

*Decided February 23, 2011*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1)   Any intentional sexual conduct by an adult with a child involves moral turpitude, as long as the perpetrator knew or should have known that the victim was under the age of 16.  *Matter of Silva-Trevino*, 24 I&N Dec. 687 (A.G. 2008), followed. *Quintero-Salazar v. Keisler*, 506 F.3d 688 (9th Cir. 2007), not followed.

(2) Absent otherwise controlling authority, Immigration Judges and the Board of Immigration Appeals are bound to apply all three steps of the procedural framework set forth by the Attorney General in *Matter of Silva-Trevino* for determining whether a particular offense constitutes a crime involving moral turpitude.

FOR RESPONDENT:  Pro se[1]

FOR THE DEPARTMENT OF HOMELAND SECURITY:  Kim B. Wong, Assistant Chief Counsel

BEFORE:  Board Panel:  PAULEY, GREER, and WENDTLAND, Board Members.

WENDTLAND, Board Member:

In a decision dated April 27, 2010, an Immigration Judge terminated the removal proceedings against the respondent.  The Department of Homeland Security ("DHS") has appealed from that decision.  The appeal will be sustained, the proceedings will be reinstated, and the record will be remanded for further proceedings.

## I.  FACTUAL AND PROCEDURAL HISTORY

The respondent is a native and citizen of El Salvador who adjusted his status to that of a lawful permanent resident on October 1, 1997.  On March 11, 2005, the respondent was convicted of using a minor to violate a controlled substance law in violation of section 11380(a) of the California Health and Safety Code.  On the same day, he was also convicted of engaging in unlawful

---

[1] On January 21, 2011, counsel for the respondent, Bernadette W. Connolly, Esquire, filed a motion to withdraw from the case.  The motion is granted.

sexual intercourse with a minor (statutory rape) in violation of section 261.5(d) of the California Penal Code, which provides that a person 21 years of age or older who engages in an act of unlawful sexual intercourse with a minor under 16 years of age is guilty of the offense. In addition, the respondent was convicted on or about January 23, 2002, of petty theft in violation of sections 484 and 488 of the California Penal Code.

The DHS initiated removal proceedings on October 31, 2007, charging that the respondent was removable under section 237(a)(2)(A)(iii) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(2)(A)(iii) (2006), because he had been convicted of two aggravated felonies after admission to the United States. First, the DHS alleged that the respondent's conviction under section 11380(a) of the California Health and Safety Code amounted to illicit trafficking in a controlled substance, which was an aggravated felony under section 101(a)(43)(B) of the Act, 8 U.S.C. § 1101(a)(43)(B) (2006). The DHS also alleged that the respondent's conviction under section 261.5(d) of the California Penal Code involved sexual abuse of a minor, which is an aggravated felony under section 101(a)(43)(A). On October 24, 2008, the DHS lodged an additional charge under section 237(a)(2)(B)(i) of the Act, contending that the respondent's conviction under section 11380(a) was for a controlled substance violation.

In a decision dated March 20, 2009, the Immigration Judge found that the respondent was not removable on the basis of the drug-trafficking aggravated felony charge, but he did sustain the charge under section 237(a)(2)(B)(i) of the Act, holding that the respondent was convicted of a controlled substance violation. The Immigration Judge also found the respondent removable as an aggravated felon pursuant to section 101(a)(43)(A) of the Act, ruling that he was an alien convicted of an offense involving sexual abuse of a minor. Relying in at least some part on this determination that the respondent had been convicted of an aggravated felony, the Immigration Judge further found that the respondent had not demonstrated eligibility for any form of relief from removal.

In a decision dated December 28, 2009, we addressed the respondent's appeal from the Immigration Judge's decision. The DHS did not contest the Immigration Judge's holding in regard to the drug-trafficking aggravated felony charge, so we made no determination on that issue. However, we reversed the Immigration Judge's finding of removability under section 237(a)(2)(B)(i) of the Act, because California controls the possession and sale of at least one substance not regulated by Federal law under the Controlled Substances Act and the record of conviction did not reveal the drug involved in the respondent's crime. We also noted that the United States Court of Appeals for the Ninth Circuit had recently held that the offense of "unlawful sexual intercourse with a minor" under section 261.5(d) of the California Penal Code is not categorically an aggravated felony involving sexual abuse

of a minor. *Pelayo-Garcia v. Holder*, 589 F.3d 1010, 1011, 1016 (9th Cir. 2009). We therefore remanded the record for the Immigration Judge to consider whether the respondent's conviction for statutory rape constituted an aggravated felony conviction under the modified categorical approach.

On remand, the DHS withdrew the sexual abuse of a minor aggravated felony charge. On March 18, 2010, the DHS added a factual allegation relating to the respondent's petty theft conviction from January 2002 and lodged an additional charge that the respondent was removable under section 237(a)(2)(A)(ii) of the Act as an alien convicted of two crimes involving moral turpitude. The respondent conceded that his petty theft conviction was for a crime involving moral turpitude. However, he argued that pursuant to *Quintero-Salazar v. Keisler*, 506 F.3d 688 (9th Cir. 2007), his conviction under section 261.5(d) of the California Penal Code was not. In response, the DHS relied on *Marmolejo-Campos v. Holder*, 558 F.3d 903 (9th Cir. 2009) (en banc), to assert that the Immigration Judge should not defer to *Quintero-Salazar* and should apply instead the Attorney General's decision in *Matter of Silva-Trevino*, 24 I&N Dec. 687 (A.G. 2008).

In his April 27, 2010, decision, the Immigration Judge rejected the DHS's argument, concluding that he was bound to find that the respondent's statutory rape conviction is not for a crime involving moral turpitude under *Quintero-Salazar*. Moreover, the Immigration Judge found that, even assuming the DHS were correct, the record does not establish that the respondent's offense is a crime involving moral turpitude under the first two steps of the three-step procedural framework set forth in *Silva-Trevino*, i.e., the categorical and modified categorical approaches. The Immigration Judge therefore terminated the proceedings and the DHS has appealed. The parties have essentially reiterated their arguments on appeal.

## II. ISSUES

In this case, we must decide whether to follow the Attorney General's substantive determination in *Matter of Silva-Trevino* that a statutory rape offense involving a minor under age 16 is a crime involving moral turpitude, notwithstanding the Ninth Circuit's contrary decision in *Quintero-Salazar*. Further, we must determine whether to apply *Silva-Trevino*'s separate holding that establishes a procedural framework for assessing whether an offense constitutes a crime involving moral turpitude, because the substantive holding with regard to statutory rape offenses in that decision is limited to cases in which the defendant knew or should have known the victim's age, and the question whether the respondent's case meets that criterion can be determined only upon application of the third step of *Silva-Trevino*'s procedural framework. We review these questions of law de novo. S*ee* 8 C.F.R. § 1003.1(d)(3)(ii) (2010).

We resolve the first issue by holding that since the Ninth Circuit has acknowledged that the phrase "crime involving moral turpitude" is quintessentially ambiguous, the Attorney General's interpretation of the term must take precedence over that of the Ninth Circuit. *See Nat'l Cable & Telecomms. Ass'n v. Brand X Internet Servs.*, 545 U.S. 967, 980-82 (2005); *Marmolejo-Campos v. Holder*, 558 F.3d at 909. We resolve the second issue by holding that in the absence of otherwise controlling authority, Immigration Judges and the Board are bound to apply all three steps of the procedural framework set forth in *Silva-Trevino*.

## III. ANALYSIS

The United States Supreme Court has held that a circuit court must accord deference under *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984), to an agency's interpretation of a statute, regardless of the circuit court's contrary precedent, provided that the court's earlier precedent was an interpretation of a statutory ambiguity. *Nat'l Cable & Telecomms. Ass'n v. Brand X Internet Servs.*, 545 U.S. at 980-82. The Ninth Circuit has described the phrase "crime involving moral turpitude" as quintessentially ambiguous and thus found it appropriate to accord *Chevron* deference to the Board's determinations whether a particular offense falls within the definition of that term. *Marmolejo-Campos v. Holder*, 558 F.3d at 909-12.

In *Quintero-Salazar v. Keisler*, 506 F.3d at 692-94, the Ninth Circuit addressed the question whether statutory rape in violation of section 261.5(d) of the California Penal Code necessarily involves moral turpitude. The court discussed the example of a 21-year-old perpetrator having consensual intercourse with a 15-year-old and found that this offense could be malum prohibitum (as opposed to malum in se) in at least some cases, because the adult and minor could be married. *Id.* at 693-94. The court also noted that such conduct could be legal in States with statutes prohibiting sexual contact with a person who is 14 years of age or younger. *Id.* at 693. Therefore, the court held that under the categorical approach, a violation of section 261.5(d) of the California Penal Code is not a crime involving moral turpitude.[2]

The Attorney General's decision in *Silva-Trevino* has both a procedural and substantive aspect. Regarding the latter, the Attorney General stated that any

---

[2] In a decision subsequent to *Quintero-Salazar*, however, the Ninth Circuit employed a somewhat different analysis, acknowledging that some malum prohibitum offenses, including statutory rape, may involve moral turpitude. *See Nicanor-Romero v. Mukasey*, 523 F.3d 992, 998-1002 (9th Cir. 2008), *overruled on other grounds by Marmolejo-Campos*, 558 F.3d at 911.

intentional sexual conduct by an adult with a child involves moral turpitude, as long as the perpetrator knew or should have known that the victim was a minor. *Matter of Silva-Trevino*, 24 I&N Dec. at 705-07. Furthermore, in discussing mistake-of-age defenses, the Attorney General referred to victims under the age of 16, suggesting that victims younger than 16 must be viewed as "children." *See id.* at 707.[3] Since the Ninth Circuit's ruling in *Quintero-Salazar* represents an interpretation of a statutory ambiguity, *see Marmolejo-Campos v. Holder*, 558 F.3d at 909-12, we hold that the Attorney General's substantive ruling in *Silva-Trevino* is binding in this case and must be applied in lieu of *Quintero-Salazar* to the extent that the two cases conflict. *See Nat'l Cable & Telecomms. Ass'n v. Brand X Internet Servs.*, 545 U.S. at 980-82.

Regarding the procedural aspect of *Silva-Trevino*, the Attorney General established a three-part framework for determining whether a particular offense constitutes a crime involving moral turpitude. First, a categorical approach must be employed under which the criminal statute at issue is examined to ascertain whether moral turpitude is intrinsic to all offenses that have a "realistic probability" of being prosecuted under that statute. *Matter of Silva-Trevino*, 24 I&N Dec. at 689-90, 696-97; *see also Matter of Louissaint*, 24 I&N Dec. 754 (BIA 2009) (applying the approach set forth in *Silva-Trevino* for determining if a particular crime involves moral turpitude, which includes both the traditional categorical analysis of the elements of a statute and an inquiry into whether there is a "realistic probability" that the statute under which the alien was convicted would be applied to reach conduct that does not involve moral turpitude). *See generally Gonzales v. Duenas Alvarez*, 549 U.S. 183 (2007) (applying the traditional categorical analysis of statutory elements).

Second, if the issue cannot be resolved under the categorical approach, a modified categorical approach should be undertaken, which requires inspection of specific documents comprising the alien's record of conviction (such as the indictment, the judgment of conviction, jury instructions, a signed guilty plea, or the plea transcript) to discern the nature of the underlying

---

[3] We observe that the Third Circuit appears to share the Attorney General's view that moral turpitude inheres in sex offenses involving minors under the age of 16. *See Mehboob v. Att'y Gen. of U.S.*, 549 F.3d 272 (3d Cir. 2008) (affirming the determination that moral turpitude inheres in the Pennsylvania offense of misdemeanor indecent assault, consisting of sexual contact with a person under 16 years of age, where the perpetrator is at least 4 years older than the complainant). Indeed, in that decision, the Third Circuit found that the alien's offense involved moral turpitude, notwithstanding the lack of *any* mens rea requirement with respect to the age of the victim; the court also discerned a judicial "consensus" that "moral turpitude inheres in strict liability sex offenses." *Id.* at 278 (citing decisions of both the circuit courts and the Board).

conviction.  *Matter of Silva-Trevino*,  24 I&N Dec. at 690, 698-99.  Finally, if the record of conviction is inconclusive, the Attorney General has held that because moral turpitude is not an element of the crime, probative evidence beyond the record of conviction (such as an admission by the alien or testimony before the Immigration Judge) may be considered when evaluating whether an alien's offense constitutes a crime involving moral turpitude.  *Id.* at 690, 699-704, 709.

In *Marmolejo-Campos v. Holder*, 558 F.3d at 907 n.6, the Ninth Circuit acknowledged the Attorney General's adoption of this approach but declined to address its validity.  More recently, however, the court called attention to the *Silva-Trevino* framework in a decision holding that a misdemeanor conviction for false imprisonment in violation of section 236 of the California Penal Code was not a conviction for a crime involving moral turpitude under the categorical approach.  *Saavedra-Figueroa v. Holder*, 625 F.3d 621, 626 (9th Cir. 2010) (citing *Morales-Garcia v. Holder*, 567 F.3d 1058, 1062 & n.2 (9th Cir. 2009) (summarizing the application of the categorical approach in determining whether a crime involves moral turpitude)).

In *Saavedra-Figueroa*, the Ninth Circuit first noted that under the administrative framework in *Silva-Trevino*, an offense must involve reprehensible conduct and some degree of scienter to qualify as a crime involving moral turpitude.  *Id.* at 627 (citing *Matter of Silva-Trevino*, 24 I&N Dec. at 689 n.1).  The court found that section 236 did not require any degree of scienter.  It then stated that for an offense to be categorically broader than the definition of a crime involving moral turpitude under the first step of *Silva-Trevino*, there must "be a 'reasonable probability . . .' that the statute of conviction will be applied to non-morally turpitudinous conduct" and noted California case law that demonstrated such a "reasonable probability" regarding the application of section 236.  *Id.* at 627-28 (citing *People v. Agnew*, 107 P.2d 601 (Cal. 1940)).  The court therefore concluded that a violation of section 236 did not qualify as a categorical crime involving moral turpitude under the first step of *Silva-Trevino*, but it did not then discuss the remaining two steps set forth by the Attorney General in that case.[4]

---

[4] Discussing the modified categorical approach outside the context of *Silva-Trevino*, the court apparently withheld ruling on whether that approach could be applied in light of its earlier determination that misdemeanor false imprisonment is not categorically a crime involving moral turpitude because it lacks an element of the generic offense, i.e., an intent to harm.  *Saavedra-Figueroa v. Holder*, 625 F.3d at 628 (citing *Navarro-Lopez v. Gonzales*, 503 F.3d 1063, 1073 (9th Cir. 2007) (en banc) (indicating that the modified categorical approach is not applicable when the crime of conviction is missing an element of the generic crime)).  However, the court stated that even if the modified categorical approach were applied, it would make no difference, because the record contained insufficient evidence

(continued...)

Thus, *Saavedra-Figueroa* did not repudiate the three-part procedural framework of *Silva-Trevino*; nor has any other decision of the Ninth Circuit of which we are aware. Furthermore, the Seventh Circuit has issued a decision that expressly deferred to the methodology for assessing crimes involving moral turpitude in *Silva-Trevino*, observing that the Attorney General's determination on such a question of law is "controlling" under section 103(a)(1) of the Act, 8 U.S.C. § 1103(a)(1) (2006). *Mata-Guerrero v. Holder*, 627 F.3d 256 (7th Cir. 2010). Significantly, the Seventh Circuit noted the Attorney General's statement regarding the third step in *Silva-Trevin*o that "[a]llowing for inquiry beyond the record of conviction would result in more accurate determinations of who falls within the scope of the statute, . . . would better accord with the statute's demands for individualized adjudications," and would "produce more uniform results nationwide." *Id.* at 261-62 (quoting *Matter of Silva-Trevino*, 24 I&N Dec. at 702) (internal quotation marks omitted).[5]

Immigration Judges and the Board are delegates of the Attorney General, and we are bound to apply the methodology mandated by *Silva-Trevino*, absent otherwise controlling authority. Since the Ninth Circuit, in whose jurisdiction this case arises, has not rejected *Silva-Trevino*, we will follow the approach set forth in the Attorney General's opinion.

Applying *Matter of Silva-Trevino* to this case, we must first analyze section 261.5(d) of the California Penal Code under the categorical approach. As noted above, that section provides as follows:

> Any person 21 years of age or older who engages in an act of unlawful sexual intercourse with a minor who is under 16 years of age is guilty of either a misdemeanor or a felony, and shall be punished by imprisonment in a county jail not exceeding one year, or by imprisonment in the state prison for two, three, or four years.

---

(...continued)

of the factual allegations underlying the alien's conviction to conclude that his conviction was based on a judicial determination of facts that fall within the Federal generic definition of moral turpitude. *Id.* A subsequent discussion of the modified categorical approach, which occurred in the context of addressing the Government's request for an unrestricted remand to the Board to introduce new evidence, also did not mention *Silva-Trevino*. *Id.* We therefore do not construe as a repudiation of *Silva-Trevino* the court's statement that "Saavedra-Figueroa's convictions cannot support the BIA's finding of removability under either the categorical approach or modified-categorical approach." *Id.*

[5] We acknowledge that the Third Circuit has disagreed with the procedural analysis set forth in *Silva-Trevino*, holding that it is not entitled to judicial deference. *Jean-Louis v. Att'y Gen. of U.S.*, 582 F.3d 462 (3d Cir. 2009). In addition, the Eighth Circuit has stated that to the extent *Silva-Trevino* is inconsistent with circuit precedent, the court is bound by and will adhere to circuit law. *Guardado-Garcia v. Holder*, 615 F.3d 900, 902 (8th Cir. 2010).

Since the statute does not require a perpetrator to have engaged in intentional sexual contact with someone he or she knew or should have known to be a child, there is a realistic probability it could be applied to conduct that does not involve moral turpitude. *See Matter of Silva-Trevino*, 24 I&N Dec. at 705-07. The offense prohibited by section 261.5(d) is therefore not a categorical crime involving moral turpitude under the first step of *Silva-Trevino*. Applying the second step, we find that there are no documents in the record of conviction establishing that the respondent knew or should have known that his victim was a child.[6] Thus, the only remaining step of *Silva-Trevino* is the third, which provides for consideration of probative evidence beyond the record of conviction.

In the proceedings before the Immigration Judge, the respondent did not deny knowledge of his victim's age. In fact, during a hearing on December 11, 2008, he testified that he was 21 years old at the time of the offense, that his victim was a friend of his younger brother, and that he knew at the time that she was 15 years old. He further testified that he stayed with the victim for approximately 3 to 4 days, during which period he had sexual intercourse with her and gave her marijuana, and that he then made up a story for her to tell the police.

While these admissions seem to indicate that the respondent engaged in turpitudinous conduct, the Board generally lacks the authority to make findings of fact in the course of deciding appeals. 8 C.F.R. § 1003.1(d)(3)(iv). Accordingly, we will remand the record for the Immigration Judge to make specific factual findings regarding whether the respondent knew or should have known that his victim was a minor, taking into consideration the respondent's prior testimony before the Immigration Court and any other relevant evidence.[7] The Immigration Judge should then apply the third step of *Silva-Trevino* in deciding whether the DHS has satisfied its burden

---

[6] A Register of Actions of the convicting court, which is included in the record of proceedings, shows that on March 11, 2005, the respondent plead nolo contendere to count 4 of the information. The information, which is also part of the record, alleged that between November 1, 2004, and November 11, 2004, the respondent "did willfully and unlawfully have or accomplish an act of sexual intercourse with a minor under the age of 16, not the spouse of said defendant, and said defendant being 21 years of age or older, in violation of Penal Code section 261.5(d), a felony." While this language establishes that the victim was a child, it does not demonstrate that the respondent *knew or should have known* this fact.

[7] Although the Immigration Judge did make some findings of fact regarding the respondent's offense in his March 20, 2009, decision, he did not make a specific finding as to whether the respondent knew or should have known the victim's age at the time of his offense.

of proving the respondent's removability under section 237(a)(2)(A)(ii) of the Act. *See* 8 C.F.R. § 1240.8(a) (2010). Finally, if the charge is sustained, the Immigration Judge should permit the respondent to apply for any relief from removal for which he may be eligible.

Accordingly, the DHS's appeal will be sustained and the record will be remanded.

**ORDER:** The appeal of the Department of Homeland Security is sustained, the April 27, 2010, decision of the Immigration Judge is vacated, and the proceedings against the respondent are reinstated.

**FURTHER ORDER:** The record is remanded to the Immigration Judge for further proceedings consistent with the foregoing opinion and for the entry of a new decision.