**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 28 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHI ON TSO,<br><br>     Petitioner,<br><br> v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>     Respondent. | No. 05-74579<br><br>Agency No. A035-021-315<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted August 31, 2011
San Francisco, California

Before: BERZON and BYBEE, Circuit Judges, and GRAHAM, Senior District Judge.[**]

The facts and procedural posture of the case are known to the parties, and we do not repeat them here. Petitioner Chi On Tso seeks review of the decision of the Immigration Judge (IJ), affirmed without opinion by the Board of Immigration

---

  [*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

  [**] The Honorable James L. Graham, Senior District Judge for the U.S. District Court for the Southern District of Ohio, Columbus, sitting by designation.

Appeals (BIA), denying Tso discretionary relief from removal under § 212(c) of the Immigration and Nationality Act. He claims that the IJ acted contrary to law in violating BIA precedent by relying upon uncorroborated police reports. When the BIA affirms without opinion, as it did here, we review the IJ's decision as the final agency determination. *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 855 (9th Cir. 2003).

This court may review whether the BIA acted contrary to law in resting its decision on a basis that is improper according to its own precedent. *Hernandez v. Ashcroft*, 345 F.3d 824, 828–29 (9th Cir. 2003). The BIA has indicated that great weight should not be afforded to uncorroborated police reports. *See In re Arreguin De Rodriguez*, 21 I. & N. Dec. 38, 42 (B.I.A. 1995). Here, the IJ did look to several police reports but relied principally on other, corroborating evidence. The IJ relied on Tso's testimony about the circumstances underlying his drug arrests in addition to the police report for one of them, including Tso's admission that he had drugs in his possession both times. Although the IJ considered at least one police report regarding domestic violence, the report was accompanied by a signed statement of Tso's wife asserting that he struck her. The IJ also relied on the testimony of Tso and his wife, including testimony that Tso left the house while she was threatening to commit suicide. The IJ used that evidence to conclude that Tso either engaged in domestic violence or that he left his wife to fend for herself

while in a distressed condition. The IJ did not rely on one of the other police reports at all, and the last was corroborated by a conviction that was uncontested. Thus, the IJ did not impermissibly rely on any uncorroborated police reports in reaching his conclusions.

Tso requests that we remand to the BIA for consideration for further relief if we were to find him ineligible for § 212(c) relief. Because we assume his eligibility and review the IJ's discretionary determination on the merits, there is no basis for remand.

Tso's petition is **DENIED**.