# Matter of Cristoval SILVA-TREVINO, Respondent

*Decided by Attorney General April 10, 2015*

U.S. Department of Justice
Office of the Attorney General

The Attorney General vacated the opinion in *Matter of Silva-Trevino*, 24 I&N Dec. 687 (A.G. 2008).

BEFORE THE ATTORNEY GENERAL

On November 7, 2008, Attorney General Mukasey issued an opinion in this matter vacating the August 8, 2006, decision of the Board of Immigration Appeals and remanding respondent's case for further proceedings in accordance with his opinion. *See Matter of Silva-Trevino*, 24 I&N Dec. 687 (A.G. 2008). On remand, the Immigration Judge, applying Attorney General Mukasey's opinion, issued a new decision finding respondent ineligible for discretionary relief from deportation. The Board affirmed that decision. The respondent then filed a petition for review with the United States Court of Appeals for the Fifth Circuit. On January 30, 2014, the Fifth Circuit rejected Attorney General Mukasey's opinion as contrary to the plain language of the statute, vacated the Board's decision, and remanded this matter to the Board for further proceedings consistent with the court's opinion. *See Silva-Trevino v. Holder*, 742 F.3d 197, 200−06 (5th Cir. 2014). For the reasons stated herein, I have determined that it is appropriate to vacate Attorney General Mukasey's November 7, 2008, opinion in this matter.

The central issue raised by this case is how to determine whether an alien has been "convicted of . . . a crime involving moral turpitude" within the meaning of section 212(a)(2) of the Immigration and Nationality Act, 8 U.S.C. § 1182(a)(2) (2012). The Board initially addressed this issue in its August 8, 2006, decision in this case, determining that respondent's conviction for the criminal offense of "indecency with a child" should not be considered a crime of moral turpitude because the Texas statute under which he had been convicted criminalized at least some conduct that did not involve moral turpitude and was thus not categorically a crime involving moral turpitude. *Matter of Silva-Trevino*, 24 I&N Dec. at 690−92. After that decision had issued, Attorney General Gonzales directed the Board to refer the case to him for further review. *See* Att'y Gen. Order No. 2889-2007 (July 10, 2007); *see also* 8 C.F.R.

§ 1003.1(h)(1)(i) (2007) (providing that the Attorney General may direct the Board to refer cases to him "for review of [the Board's] decision"). After review, Attorney General Gonzales's successor, Attorney General Mukasey, issued an opinion vacating the Board's August 8, 2006, decision and establishing a new three-step framework to be used by Immigration Judges and the Board in determining whether an alien had been convicted of a crime involving moral turpitude. Att'y Gen. Order No. 3016-2008 (Nov. 7, 2008); *Matter of Silva-Trevino*, 24 I&N Dec. at 687−90 & n.1, 704; *cf.* section 103(a)(1) of the Act, 8 U.S.C. § 1103(a)(1) (2012) (a "determination and ruling by the Attorney General with respect to all questions of law shall be controlling").

In the first step of the framework, Attorney General Mukasey directed Immigration Judges and the Board to "engage in a 'categorical inquiry'" in order to determine "whether moral turpitude necessarily inheres in all cases that have a realistic probability of being prosecuted" under a particular criminal provision. *Matter of Silva-Trevino*, 24 I&N Dec. at 696−97 (relying on *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007)). Where this categorical analysis did not resolve the moral turpitude inquiry, the Attorney General instructed adjudicators to proceed to the second step, a "modified categorical" inquiry "pursuant to which adjudicators consider whether the alien's record of conviction evidences a crime that in fact involved moral turpitude." *Id.* at 698. Recognizing that "[m]ost courts . . . have limited this second-stage inquiry to the alien's record of conviction," the Attorney General concluded that a third step was necessary because "when the record of conviction fails to show whether the alien was convicted of a crime involving moral turpitude, immigration judges should be permitted to consider evidence beyond that record if doing so is necessary and appropriate to ensure proper application of the Act's moral turpitude provisions." *Id.* at 699. Accordingly, Attorney General Mukasey's opinion directed Immigration Judges and the Board to consider, at the third step in the moral turpitude inquiry, "any additional evidence the adjudicator determines is necessary or appropriate to resolve accurately the moral turpitude question" when "the record of conviction does not resolve the inquiry." *Id.* at 704. The Attorney General then remanded the case to the Board to "reconsider, consistent with [his] opinion, whether the crime respondent committed involved moral turpitude." *Id.* at 709.

On remand, the Board sent the case back to the Immigration Judge who—applying the third step in Attorney General Mukasey's framework—considered evidence outside of the record of conviction to conclude that respondent's conviction had involved moral turpitude because respondent should have known that the victim of his crime was a minor. *Silva-Trevino*, 742 F.3d at 198−99. As a result, the Immigration Judge found respondent

was inadmissible and thus ineligible for discretionary relief from deportation under section 212(a)(2) of the Act. *Id.* On review, the Board affirmed. *Id.*

In January of last year, on respondent's petition for review, the Fifth Circuit held that "convicted of" as used in section 212(a)(2) did *not* permit Immigration Judges to inquire into relevant evidence outside of the record of conviction in order to classify a particular conviction as one involving moral turpitude. *Id.* at 200−01. In so doing, the court rejected the third step of Attorney General Mukasey's framework as contrary to the unambiguous language of the statute and thus refused to accord the *Silva-Trevino* opinion deference. *See id.* at 203 ("Where, as here, Congress has spoken directly to the statutory question at hand, our precedent need not yield to an agency's contrary interpretation.").

As the Fifth Circuit recognized, in so ruling it became the fifth circuit court of appeals to reject Attorney General Mukasey's construction of the statute. *Id.* at 200 & n.1.[1] These courts have all agreed that the phrase "convicted of" as used in the Act forecloses any inquiry into evidence outside of the record of conviction. *Id.* Two other circuits have accorded deference to Attorney General Mukasey's construction of the statute as reasonable and permitted such an extrinsic inquiry.[2] As a result, Attorney General Mukasey's opinion in this matter has not accomplished its stated goal of "establish[ing] a uniform framework for ensuring that the Act's moral turpitude provisions are fairly and accurately applied." *Matter of Silva-Trevino*, 24 I&N Dec. at 688. Instead, the circuits are split, and the variance between Attorney General Mukasey's binding opinion and the contrary controlling precedent in some circuits forces Immigration Judges and the Board to apply different standards in different jurisdictions. *See Silva-Trevino*, 742 F.3d at 205.

In addition, in the time since Attorney General Mukasey released his opinion, the Supreme Court has issued several decisions that may bear on administrative determinations of whether an alien has been convicted of a crime involving moral turpitude. In *Carachuri-Rosendo v. Holder*, the Court held that adjudicators could not consider uncharged conduct to determine whether an alien had been "convicted of" illicit trafficking, an aggravated felony under the Act. 560 U.S. 563, 581−82 (2010). Applying

---

[1] *See Olivas-Motta v. Holder*, 746 F.3d 907, 911−16 (9th Cir. 2013) (amended opinion); *Prudencio v. Holder*, 669 F.3d 472, 480−84 (4th Cir. 2012); *Fajardo v. U.S. Att'y Gen.*, 659 F.3d 1303, 1307−11 (11th Cir. 2011); *Jean-Louis v. Att'y Gen. of U.S.*, 582 F.3d 462, 472−82 (3d Cir. 2009).
[2] *Bobadilla v. Holder*, 679 F.3d 1052, 1057 (8th Cir. 2012); *Mata-Guerrero v. Holder*, 627 F.3d 256, 260 (7th Cir. 2010).

*Carachuri-Rosendo* 3 years later, the Court in *Moncrieffe v. Holder* reaffirmed that the phrase "convicted of" required a categorical approach, and it rejected the Government's argument that adjudicators could engage in a "circumstance-specific" analysis of a particular drug conviction to determine if the quantity of drugs involved made it an aggravated felony. 133 S. Ct. 1678, 1690−92 (2013); *see also Kawashima v. Holder*, 132 S. Ct. 1166, 1172 (2012) (applying the categorical approach to determine if an alien had been convicted of an offense involving fraud or deceit). These decisions cast doubt on the continued validity of the third step of the framework set out by Attorney General Mukasey's opinion, which directs Immigration Judges and the Board to go beyond the categorical and modified categorical approaches and inquire into facts outside of the formal record of conviction in order to determine whether a particular conviction involves moral turpitude.

In view of the decisions of five courts of appeals rejecting the framework set out in Attorney General Mukasey's opinion—which have created disagreement among the circuits and disuniformity in the Board's application of immigration law—as well as intervening Supreme Court decisions that cast doubt on the continued validity of the opinion, I conclude that it is appropriate to vacate the November 7, 2008, opinion in its entirety.[3] My decision to do so does not mean that I disapprove of every aspect of that opinion. But because the Board is obliged to follow decisions of the Attorney General except to the extent of a contrary directive from a reviewing court, *see, e.g.*, *Matter of Abdelghany*, 26 I&N Dec. 254, 265 (BIA 2014), only a complete vacatur will enable the Board to develop a uniform standard for the proper construction and application of section 212(a)(2) of the Act and similar provisions in light of all relevant precedents and arguments.

In light of this vacatur, the Board may address, in this case and other cases as appropriate, the following issues:

1. How adjudicators are to determine whether a particular criminal offense is a crime involving moral turpitude under the Act;

---

[3]  Nothing in this order is intended to affect Board determinations that an offense entails or does not entail "reprehensible conduct and some form of scienter" and is or is not a crime involving moral turpitude for that reason. *Matter of Silva-Trevino*, 24 I&N Dec. at 706 n.5. In addition to *Silva-Trevino*, that standard has been applied in the following Board precedents: *Matter of Ortega-Lopez*, 26 I&N Dec. 99 (BIA 2013); *Matter of Leal*, 26 I&N Dec. 20 (BIA 2012); *Matter of Ruiz-Lopez*, 25 I&N Dec. 551 (BIA 2011); *Matter of Guevera-Alfaro*, 25 I&N Dec. 417 (BIA 2011); and *Matter of Louissaint*, 24 I&N Dec. 754. As an interim matter, those determinations, as well as determinations in nonprecedential decisions applying the standard, shall remain valid. I leave to the Board whether to retain, modify, or clarify them in any respect.

2. When, and to what extent, adjudicators may use a modified categorical approach and consider a record of conviction in determining whether an alien has been "convicted of . . . a crime involving moral turpitude" in applying section 212(a)(2) of the Act and similar provisions;

3. Whether an alien who seeks a favorable exercise of discretion under the Act after having engaged in criminal acts constituting the sexual abuse of a minor should be required to make a heightened evidentiary showing of hardship or other factors that would warrant a favorable exercise of discretion. *See Matter of Jean*, 23 I&N Dec. 373 (A.G. 2002) (addressing the exercise of discretion in view of alien's criminal acts).

The Board should solicit and consider briefs from the parties and interested amici as it deems appropriate to ensure that its conclusions on these issues are reached after full and fair consideration of all relevant arguments.

The November 7, 2008, opinion, *Matter of Silva-Trevino*, 24 I&N Dec. 687 (A.G. 2008), is vacated in its entirety.