# United States Court of Appeals
## For the First Circuit

No. 14-2042

JOSE RICARDO PERALTA SAUCEDA,

Petitioner,

v.

LORETTA E. LYNCH,[*]
Attorney General of the United States,

Respondent.

PETITION FOR REVIEW OF AN ORDER OF
THE BOARD OF IMMIGRATION APPEALS

Before

Torruella, Lynch, Kayatta,
Circuit Judges.

Carlos E. Estrada and Estrada Law Office, on brief for petitioner.

James A. Hurley, Attorney, Office of Immigration Litigation, U.S. Department of Justice, Civil Division, Benjamin C. Mizer, Principal Deputy Assistant Attorney General, Civil Division, and Stephen J. Flynn, Assistant Director, Office of Immigration Litigation, on brief for respondent.

_____

[*] Pursuant to Fed. R. App. P. 43(c)(2), Attorney General Loretta E. Lynch has been substituted for former Attorney General Eric H. Holder, Jr., as the respondent.

October 14, 2015

**LYNCH**, **Circuit Judge**.  Jose Ricardo Peralta Sauceda petitions for review of the Board of Immigration Appeals' (BIA) affirmance of an immigration judge's (IJ) decision that he was not eligible for cancellation of removal because he failed to meet his burden of proving by a preponderance of the evidence that he had not previously been convicted of a "crime of domestic violence." Peralta Sauceda concedes that he cannot provide competent evidence that would compel a finding that he was not convicted of a "crime of domestic violence."  We deny his petition for review, consistent with the views of five other circuits.

I.

Peralta Sauceda, a native and citizen of Honduras, entered the United States illegally on December 23, 1993.  On December 11, 2006, Peralta Sauceda pleaded guilty to Count One of a criminal complaint that charged him with assaulting his wife in violation of Me. Rev. Stat. Ann. tit. 17-A, § 207(1)(A), which states that "[a] person is guilty of assault if: A. The person intentionally, knowingly or recklessly causes bodily injury or offensive physical contact to another person."  On August 29, 2007, the Department of Homeland Security served Peralta Sauceda with a Notice to Appear, charging him with removability as an alien present without being admitted or paroled.  See 8 U.S.C. § 1182(a)(6)(A)(i).  At a preliminary hearing, he conceded removability and requested cancellation of removal.  See 8 U.S.C.

- 3 -

§ 1229b(b)(1).  At the July 29, 2009 merits hearing, the question was raised whether his assault conviction qualified as a "crime of domestic violence" under 8 U.S.C. § 1227(a)(2)(E)(i), thereby disqualifying him from eligibility for cancellation of removal. See 8 U.S.C. § 1229b(b)(1)(C).

On September 19, 2013, after a series of appeals to and remands from the BIA concerning the applicability of the modified categorical approach to the Maine assault statute, the IJ issued her final order pretermitting Peralta Sauceda's application for cancellation of removal.  In performing the modified categorical approach analysis, the IJ found that the record as presented showed that Peralta Sauceda had pleaded guilty to committing a domestic violence crime, but that the record was inconclusive as to whether he was convicted under the "bodily injury" prong or the "offensive physical contact" prong of the Maine statute.  As the BIA had held, only a conviction under the "bodily injury" prong would qualify as a federal "crime of domestic violence" and render him ineligible for cancellation of removal.

The IJ had previously issued an order to the parties on July 23, 2013, granting them additional time to provide "any other part of the record of conviction" that could clarify under which prong he was convicted.  Peralta Sauceda informed the IJ on August 1, 2013 that he was unable to secure any other documents because

- 4 -

the Superior Court of the county where he was convicted does not, in misdemeanor cases, maintain copies of the documents he needed.

In light of this admission, the IJ held in her final order that Peralta Sauceda was not eligible for cancellation of removal because he had failed to meet his burden of proving by a preponderance of the evidence that his 2006 assault conviction was not a "crime of domestic violence." The BIA affirmed. This petition for review followed.

## II.

Since "the BIA adopted and affirmed the IJ's ruling, and discussed some of the bases for the IJ's opinion, we review both the BIA's and IJ's opinions." Idy v. Holder, 674 F.3d 111, 117 (1st Cir. 2012). We review legal conclusions de novo, while affording "appropriate deference to the BIA's interpretation of immigration statutes." Ruci v. Holder, 741 F.3d 239, 242 (1st Cir. 2013).

In removal proceedings, the statute provides that "[a]n alien applying for relief or protection from removal has the burden of proof to establish that the alien -- (i) satisfies the applicable eligibility requirements." 8 U.S.C. § 1229a(c)(4)(A). The applicable regulations similarly state:

> The respondent shall have the burden of establishing that he or she is eligible for any requested benefit or privilege and that it should be granted in the exercise of discretion. If the evidence indicates that

- 5 -

> one or more of the grounds for mandatory
> denial of the application for relief may
> apply, the alien shall have the burden of
> proving by a preponderance of the evidence
> that such grounds do not apply.

8 C.F.R. § 1240.8(d).

By requesting cancellation of removal, Peralta Sauceda undertook the burden of proving his eligibility for relief. Peralta Sauceda does not challenge the IJ's determination that there was enough evidence in the record to place upon him the burden of proving that he had not been convicted of a "crime of domestic violence." In order to establish eligibility for relief, Peralta Sauceda must prove by a preponderance of the evidence that he was not convicted under the "bodily injury" prong of the Maine statute.

Peralta Sauceda states that the Maine courts do not maintain such records as would establish under which prong of the Maine statute he was convicted. His appeal essentially boils down to the argument that he made good-faith efforts to find this evidence, that its unavailability is not his fault, and so the IJ's order is not fair. But that is not how a burden of proof works. It is hornbook law that the allocation of the burden of proof determines "which of two contending litigants loses when there is no evidence on a question or when the answer is simply too difficult to find." Burden of Proof, Black's Law Dictionary (10th ed. 2014).

Congress spoke clearly when it chose to place the "burden of proof" on the alien requesting cancellation of removal. After all, cancellation of removal is not a context in which the alien is "in the dock facing criminal sanctions," but is instead one in which the alien seeks "the government's largesse to avoid removal." Salem v. Holder, 647 F.3d 111, 119 (4th Cir. 2011). We join five other circuits who have held that an inconclusive record cannot satisfy an alien's burden of proving eligibility for discretionary relief. See Syblis v. Att'y Gen. of the U.S., 763 F.3d 348, 355–57 (3d Cir. 2014); Sanchez v. Holder, 757 F.3d 712, 720 & n.6 (7th Cir. 2014); Young v. Holder, 697 F.3d 976, 988–90 (9th Cir. 2012) (en banc); Salem, 647 F.3d at 116–20; Garcia v. Holder, 584 F.3d 1288, 1289–90 (10th Cir. 2009). But see Martinez v. Mukasey, 551 F.3d 113, 121–22 (2d Cir. 2008).

## III.

Peralta Sauceda also argues that it was improper for the IJ not to consider the fact that his conviction was under a general assault statute even though Maine now has a separate domestic violence statute. But as Peralta Sauceda admits, the Maine domestic violence statute was not passed until after he tendered his guilty plea, making this argument irrelevant. His appeal to Matter of Silva-Trevino, 26 I. & N. Dec. 550 (A.G. 2015), is similarly misguided because Silva-Trevino concerned the

determination of whether an offense qualifies as a crime involving moral turpitude, not a crime of domestic violence.

## IV.

The petition for review is <u>denied</u>.