FILED
United States Court of Appeals
Tenth Circuit

November 13, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

APOLINAR CALDERA-HERRERA,

     Petitioner,

v.

LORETTA LYNCH, United States
Attorney General,

     Respondent.

No. 15-9528
(Petition for Review)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **BACHARACH**, and **MORITZ**, Circuit Judges.
_____

Petitioner Apolinar Caldera-Herrera, a native and citizen of Mexico and
nonpermanent resident in the United States, seeks review of the decision of the Board
of Immigration Appeals (BIA) upholding an immigration judge's (IJ) order denying
his application for cancellation of removal. The BIA found Petitioner ineligible for
cancellation of removal based on his prior assault conviction – a conviction the BIA
concluded involved moral turpitude (CIMT). We exercise jurisdiction under

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

8 U.S.C. § 1252(a)(2)(D)[1] and grant the government's motion for remand to permit the BIA to assess in the first instance the impact of a new Attorney General opinion, *In re Silva Trevino*, 26 I. & N. Dec. 550, 553 (Att'y Gen. 2015).

Petitioner unlawfully entered the United States in 1999. In July 2010, he pleaded guilty in Colorado to "assault and domestic violence" in violation of Sheridan, Colorado Code of Ordinances §§ 50-330 (assault) & 50-333 (domestic violence). Later that month, Petitioner was charged with having entered the United States without admission or parole in violation of 8 U.S.C. § 1182(a)(6)(A)(i). He conceded his inadmissibility and applied for cancellation of removal under 8 U.S.C. § 1229b(b).

"An alien convicted of a CIMT is considered inadmissible and is therefore not eligible for cancellation of removal . . . ." *Garcia v. Holder*, 584 F.3d 1288, 1289 (10th Cir. 2009) (citing 8 U.S.C. §§ 1182(a)(2)(A); 1229b(b)(1)(c)). Assault may or may not involve moral turpitude depending on the offender's intent and the resulting level of harm. *See In re Solon*, 24 I. & N. Dec. 239, 241 (BIA 2007) (analyzing whether an assault conviction constituted a CIMT and discussing interplay between intent and degree of harm caused).

Following a hearing at which counsel represented Petitioner, the IJ determined Petitioner failed to demonstrate that his assault conviction was not a CIMT, making

---

[1] Although the BIA decided to deny the discretionary relief of cancellation of removal, the underlying issue is a legal one: whether Petitioner met his burden to prove his conviction wasn't a CIMT. While we generally lack jurisdiction over denials of discretionary relief, *see* 8 U.S.C. § 1252(a)(2)(B), we have jurisdiction over the legal question presented, *see id.* § 1252(a)(2)(D).

him ineligible for cancellation of removal. *See* 8 U.S.C. §§ 1182(a)(2)(A); 1229b(b)(1)(c). In so finding, the IJ first rejected Petitioner's argument that his conviction categorically was not a CIMT based on the statutory definition of § 50-330. The assault provision states that "[i]t is unlawful for any person to knowingly, recklessly or with criminal negligence cause bodily injury to another person; provided that this section shall not apply to injury caused by means of a deadly weapon, nor shall it apply in the event of serious bodily injury." Section 50-333 defines domestic violence to include assault.

The IJ found § 50-330 to be divisible because it set out elements in the alternative, criminalizing both conduct that could be a CIMT and conduct that couldn't. *United States v. Rodriguez*, 768 F.3d 1270, 1273 (10th Cir. 2014) (describing the test for determining if a statute is divisible). Based on *In re Silva-Trevino*, 24 I. & N. Dec. 687 (Att'y Gen. 2008),[2] the IJ then applied a modified categorical approach, reviewing both the judicially noticeable record of conviction and additional information outside the conviction record. Under this analysis, the IJ found the evidence inconclusive as to the degree of intent involved in Petitioner's offense. Thus, the IJ concluded Petitioner failed to prove his assault

---

[2] In this 2008 decision, the Attorney General adopted a three-step approach for determining whether a crime involves moral turpitude. *Silva-Trevino*, 24 I. & N. Dec. at 688-89. Under that approach, agency adjudicators first conduct a categorical inquiry. If this first step doesn't resolve the issue, adjudicators then apply a "modified categorical" inquiry, evaluating whether the noncitizen's record of conviction evidences a crime of moral turpitude. *Id*. at 696-98. If this second step fails to resolve the issue, adjudicators then "consider any additional evidence the adjudicator determines is necessary or appropriate" to resolve the CIMT issue. *Id*. at 704.

conviction was not a CIMT and consequently failed to meet his burden to prove his eligibility for cancellation of removal relief. *See* 8 U.S.C. § 1229a(c)(4)(A) (providing that a noncitizen "applying for relief or protection from removal has the burden of proof to establish that [he] . . . satisfies the applicable eligibility requirements"). The IJ further noted that because Petitioner could have been sentenced to a year in prison for his assault conviction, he was potentially removable under 8 U.S.C. § 1227(a)(2), which would also render him ineligible for cancellation of removal.

The three-member BIA panel affirmed, holding the IJ properly found that although § 50-330 was not categorically a CIMT, it was divisible. Like the IJ, the BIA also analyzed the assault statute under *Silva Trevino*'s modified categorical approach and concluded Petitioner failed to present evidence showing the degree of harm involved in his assault conviction. Thus, the BIA held Petitioner failed to show his eligibility for cancellation of removal relief and it dismissed Petitioner's appeal.

Petitioner seeks review of the BIA's decision, arguing the § 50-330 assault conviction is categorically not a CIMT. He argues that § 50-330 can't apply to serious bodily injury or injury caused by a deadly weapon; thus, he reasons the level of harm required for a conviction under § 50-330 is insufficient to constitute a CIMT. He further argues § 50-330 is divisible only as to intent, but not as to harm, and therefore the BIA erred in finding the statute divisible. Thus, he contends the BIA inappropriately applied a modified categorical analysis.

4

The government seeks remand for further proceedings in light of the Attorney General's 2015 decision vacating its 2008 decision in *Silva-Trevino*. *See In re Silva-Trevino*, 26 I. & N. Dec. at 553.[3] The government points out that both the IJ and the BIA relied on the 2008 decision in analyzing Petitioner's offense of conviction and in concluding he failed to meet his burden to establish eligibility for relief. Petitioner objects to remand, arguing he has already returned to Mexico and suggesting that a remand will only delay resolution of his case.

Given the Attorney General's decision vacating adoption of the approach relied upon by the agency to reject Petitioner's arguments in this case, we conclude remand is appropriate to permit the BIA to assess in the first instance the impact of the new decision in this case. Therefore, we grant the government's motion to remand and dismiss the petition for review.

Entered for the Court

Nancy L. Moritz
Circuit Judge

---

[3] The Attorney General's decision vacating *Silva-Trevino* came after five Circuit courts rejected its construction of the CIMT statute in determining whether a crime involves moral turpitude, at least as to the third step of the analysis directing the agency to consider information outside the record of conviction. *Id*. at 552-53.