**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 07 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MOHAMED KAMAL ELDIN ABBAS,

Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

Respondent.

No. 12-71555

Agency No. A096-684-420

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued February 3, 2016 Submitted April 7, 2016
Pasadena, California

Before: REINHARDT, PAEZ, and M. SMITH, Circuit Judges.

Petitioner Mohamed Abbas appeals the Board of Immigration Appeals' (BIA)

denial of his request for an adjustment of status to a lawful permanent resident. Abbas

contends that the immigration judge's (IJ) denial of discretionary relief for an

adjustment of status, which was affirmed by the BIA, was unlawful and

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

unconstitutional. We have jurisdiction because the petitioner makes a colorable claim that the denial of his adjustment of status was unconstitutional or unlawful. *Hosseini v. Gonzales*, 471 F.3d 953, 956 (9th Cir. 2006). We reject the claim on the merits, however, and deny the petition.

1. Abbas contends that the IJ's use of the police report to question him about credit card thefts was unlawful under the BIA's precedent because he was never convicted of credit card theft or fraud. The IJ's decision to deny discretionary relief is unlawful when it "rest[s] its decision on a basis that is improper according to its own precedent." *Chi On Tso v. Holder*, 450 F. App'x 678, 679 (9th Cir. 2011) (citing *Hernandez v. Ashcroft*, 345 F.3d 824, 828–29 (9th Cir. 2003)). Although the Federal Rules of Evidence do not apply in immigration proceedings, *Cinapian v. Holder*, 567 F.3d 1067, 1074 (9th Cir. 2009), the BIA has warned against giving substantial weight to arrest records "absent a conviction or corroborating evidence of the allegations contained therein." *In re Arreguin De Rodriguez*, 21 I. & N. Dec. 38, 42 (BIA 1995); see also *Chi On Tso*, 450 F. App'x at 678. In this case, however, Abbas corroborated the police report by admitting to stealing credit cards and using them fraudulently. The IJ's decision was not contrary to law.

2. Citing *Matter of Silva-Trevino*, 24 I. & N. Dec. 687, 687 (BIA 2008), *vacated by* 26 I. & N. Dec. 550, 550 (BIA 2015), Abbas argues that the police report

was not lawfully admitted into evidence because an arrest must result in a conviction for it to be relevant. *Silva-Trevino*, however, is not pertinent because it addresses the question whether a crime qualifies as a conviction of moral turpitude and not whether a petitioner's actions can be considered by an IJ making a discretionary decision. Indeed, in making a discretionary decision, the IJ may "consider evidence of conduct that does not result in a conviction" so long as it "does not consider inappropriate or irrelevant factors." *Paredes-Urrestarazu v. I.N.S.*, 36 F.3d 801, 810 (9th Cir. 1994).

3. Abbas next contends that the IJ's reliance on the police report denied him a fundamentally fair hearing in violation of his due-process rights because it "covered a time in which [Abbas] was a juvenile." To prove a constitutional due-process claim, a noncitizen must show both a violation and prejudice. *Colmenar v. I.N.S.*, 210 F.3d 967, 971 (9th Cir. 2000). Here, only a few of the multiple credit card thefts on the police report occurred when Abbas was a juvenile. Therefore, even if the use of juvenile reports constituted a violation, Abbas has not shown prejudice because his multiple credit card thefts as an adult and initial denial of these thefts would still have shown the same pattern of behavior and dishonesty that the IJ emphasized in his denial of discretionary relief.

4. Abbas argues that the IJ violated his due-process rights by acting as a biased "prosecutor anxious to pick holes" in his case rather than acting as an impartial

adjudicator. The Immigration and Nationality Act instructs IJs to "interrogate, examine, and cross-examine" witnesses during a hearing. 8 U.S.C. § 1229a(b). This questioning, however, has its limits. Although an IJ may "aggressively and sometimes harshly" question a witness, *Melkonian v. Ashcroft*, 320 F.3d 1061, 1072 (9th Cir. 2003), he may not become a "partisan adjudicator seeking to intimidate" the petitioner rather than "a neutral fact-finder interested in hearing the petitioner's evidence," *Colmenar*, 210 F.3d at 971. There is no set definition of when aggressive questioning becomes partisan adjudication. This court has found in prior cases that IJs crossed the line when they prohibited petitioners from providing important testimony, *id.* at 971–72; *Reyes-Melendez v. I.N.S.*, 342 F.3d 1001, 1004 (9th Cir. 2003), sat in moral rather than legal judgment, *id.*, or repeatedly accused petitioners of lying with no basis in fact, *Rivera v. Ashcroft*, 394 F.3d 1129, 1135 (9th Cir. 2005), *superseded by statute on other grounds*, REAL ID Act, 119 Stat. 231, § 106(c).

Although the IJ's statement that Abbas sounded like a "walking crime wave" when he tried to deny the credit card theft was inappropriate, this passing comment did not demonstrate the bias, or "deep-seated favoritism or antagonism that would make fair judgment impossible," required for a due-process violation. *Rivera v. Mukasey*, 508 F.3d 1271, 1276 (9th Cir. 2007) (holding that, although the IJ made inappropriate statements, the statements did not show unconstitutional bias). Unlike

cases finding bias, the IJ here permitted Abbas to present all the evidence that he requested and to testify a second time regarding the credit cards over the government's objection. Moreover, the IJ's skepticism about Abbas's initial denial of the credit card theft was warranted as Abbas later admitted to lying during the hearing.

5. Abbas last contends that the immigration judge erred by applying the "exceptional and extremely unusual hardship" standard from *In re Jean*, 23 I. & N. Dec. 373, 383 (BIA 2002) rather than the presumption in favor of an adjustment of status from *Matter of Arai*, 13 I. & N. Dec. 494, 496 (BIA 1970). *Torres-Valdivias v. Lynch*, 786 F.3d 1147, 1154 (9th Cir. 2015) precludes that argument. In *Torres-Valdivias*, we held that the heightened standard from *In re Jean* applies to the BIA's discretionary decision on adjustment of status if the BIA concludes that a petitioner has committed a violent or dangerous crime. *Id.* at 1154–55. In this case, the BIA determined that Abbas committed a violent or dangerous crime. It therefore correctly applied the "exceptional and extremely unusual hardship" standard for relief.

**PETITION DENIED.**